# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHANIEL LEE JONES,<br><br>Defendant. | Crim. No. TDC-14-0475 |

## MEMORANDUM OPINION

On July 18, 2016, Defendant Nathaniel Lee Jones filed a Motion to Withdraw Guilty Plea seeking to withdraw the guilty plea that he entered on September 18, 2015. The Court has reviewed the Motion and held a hearing on December 2, 2016. At the request of Jones, following the hearing the Court also reviewed the recording of the May 7, 2015 attorney inquiry hearing. For the reasons set forth below, the Motion is denied.

## BACKGROUND

On October 8, 2014, Jones was charged in a three-count indictment with two counts of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Court appointed attorney Erek L. Barron, a member of the Court's Criminal Justice Act ("CJA") Panel, to represent Jones. On November 20, 2014, Jones retained attorney John McKenna to replace Barron as defense counsel.

On March 2, 2015, the Government provided Jones with a proposed plea agreement which contemplated Jones pleading guilty to a Superseding Information. On April 14, 2015, Jones was charged in a two-count Superseding Information with (1) in Count One, conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams

or more of cocaine base, in violation 21 U.S.C. § 846, which carries a 10-year mandatory minimum sentence; and (2) in Count Two, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), which potentially could carry a 15-year mandatory minimum sentence if Jones has enough predicate offenses to qualify for the Armed Career Criminal ("ACC") enhancement under 18 U.S.C. § 924(e). At the parties' request, the Court scheduled a guilty plea hearing pursuant to Federal Rule of Criminal Procedure 11 for April 22, 2015. When McKenna proved to be unavailable to appear on that date, the Court continued the hearing. Jones then requested new counsel. After an attorney inquiry hearing on May 7, 2015, the Court (Day, M.J.) granted Jones's request and appointed a new attorney, Michael Lawlor. When notified that Jones was prepared to plead guilty pursuant to the same plea agreement, the Court scheduled another guilty plea hearing for June 15, 2015. Before the hearing, however, Lawlor notified the Court that Jones was no longer prepared to plead guilty and that he should no longer represent Jones because of a conflict of interest, but that he did not want Jones to lose the benefit of the plea agreement. Although the Government expressed the intent to withdraw the plea agreement, it ultimately decided to keep the offer open for consideration upon the appointment of new counsel.

After a hearing on June 29, 2015, the Court allowed Lawlor to withdraw and appointed attorney Teresa Whalen as Jones's fourth attorney on this case. On August 10, 2015, Jones signed the plea agreement, which differed from the original plea agreement only in that certain changes were made to the Statement of Facts at Jones's request, and Whalen's name was substituted as defense counsel.

On August 26, 2015, the Court held a Rule 11 hearing. During the hearing, however, Jones expressed concern that prior to the hearing, he had not seen the final, complete plea

agreement. Whalen explained that the plea agreement shown to Jones that day was the same agreement that was first provided to Jones in March 2015 except that her name had been substituted in place of predecessor counsel. She also noted that Jones had signed this plea agreement on August 10, 2015, but Jones asserted that he did not have all of the pages together when he signed the signature page. Based on Jones's expressed concern that he had not read the final version, and his assertion that he was not, as of that time, fully satisfied with his legal representation, the Court suspended the proceeding to provide Jones with additional time to read the plea agreement, discuss it with counsel, and consider whether to plead guilty.

On or about September 9, 2015, the Court received a letter from Jones raising concerns about Whalen's representation. The Court forwarded the letter to Whalen. On September 18, 2015, the Court held an arraignment on the Superseding Information and a Rule 11 hearing. The Court asked whether the issues referenced in Jones's letter to the Court regarding counsel had been resolved. Both Whalen and Jones stated that they had been. Jones then pleaded guilty to both counts. He did so after an extensive colloquy in which the Court verified that Jones understood his right to be charged by indictment and had waived that right, that he understood the charges against him, that he understood and waived his right to a trial by jury and the other constitutional rights associated with such a trial, and that he understood the terms of the plea agreement. Jones confirmed that he was fully satisfied with his attorney's advice, representation, and counsel in the case. He also verified that the plea agreement constituted the full and complete agreement with the Government, that he had not been otherwise promised anything to plead guilty, and that he had not been threatened in any way to plead guilty. Jones stated that there was no part of the proceeding which he did not understand. When asked whether he agreed with the Government's recitation of the facts of the case, Jones disagreed with one statement,

that he had placed cocaine in a car trunk on the morning of the day he sold cocaine to a cooperating source, but agreed that he had done so prior to that day. He otherwise agreed with the entire statement of facts.

Sentencing was scheduled for December 15, 2015. On November 3, 2015, Jones retained a new attorney, William Martin, to represent him at sentencing. Sentencing was then postponed to January 25, 2016. Martin requested several continuances. At a hearing on April 11, 2016, Martin informed the Court that Jones had asked that he file a motion to withdraw the guilty plea. Although the Court set a briefing schedule, requiring the motion to be filed by April 18, 2016, no such motion was filed by that deadline. Martin then sought to withdraw as counsel because he and Jones disagreed on whether to file such a motion. After a hearing on June 8, 2016, the Court granted the motion to withdraw as counsel. Jones then retained Justin Eisele as counsel, and the Court set a schedule for briefing on the motion to withdraw the guilty plea. The Motion was filed on July 18, 2016. A hearing on the Motion was scheduled for September 1, 2016. After continuances requested by the defense, the hearing was held on December 2, 2016.

At the hearing, the defense presented the testimony of Jones and his sister, Gloriatine Jones. Both witnesses testified that they were dissatisfied with the responsiveness and effectiveness of the attorneys prior to Martin. Jones testified that he was never shown the Government's discovery materials by any attorney until he retained Martin. He further testified that although Whalen reviewed the entire plea agreement with him before he entered his guilty plea, he felt pressured to plead guilty because the Government put deadlines on his acceptance of the plea agreement and he did not want to go trial. He also stated that in pleading guilty, he relied on a statement by Whalen that the only way he could get a sentence below the 10-year mandatory minimum on Count One would be if he pleaded guilty first, after which she could

work to get a lower sentence from the Government and seek to get it down to the range of 7 to 9 years.

The Government offered no witnesses, but submitted affidavits from Barron and McKenna, each of whom stated that he had reviewed the discovery materials with Jones. McKenna also attested to the fact that he had reviewed the plea agreement with Jones.

## DISCUSSION

In his Motion, Jones seeks to withdraw his guilty plea based on the ground that prior to pleading guilty, his attorneys had not reviewed with him the discovery materials provided by the Government. At the hearing on the Motion to Withdraw ("the Motion Hearing"), Jones asserted an additional basis, that Whalen told him that if he pleaded guilty, she would negotiate with the Government and seek to eliminate the mandatory minimum 10-year sentence, such that his sentencing range would be 7 to 9 years. For the reasons set forth below, the Court denies the Motion.

### I. Legal Standard

Prior to sentencing, a defendant may withdraw a previously entered plea of guilty if there is "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). The defendant has the burden to show that such a fair and just reason exists. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). This is a heavy burden to carry because "[i]f an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) *(en banc)*.

The factors the Court should consider on whether to permit withdrawal of a guilty plea are:

1. Whether the defendant has offered credible evidence that his plea was not knowing and voluntary;

2. Whether the defendant has credibly asserted his legal innocence;

3. Whether there has been a delay between the entering of the plea and the filing of the motion;

4. Whether the defendant has had the close assistance of competent counsel;

5. Whether withdrawal will cause prejudice to the government; and

6. Whether withdrawal of the plea would inconvenience the court and waste judicial resources.

*See Moore*, 931 F.2d at 248. The most important factor is the first one, which addresses whether the plea colloquy was properly conducted. *United States v. Faris*, 388 F.3d 452, 456 (4th Cir. 2004).

## II. Knowing and Voluntary Plea

### A.

On the first factor, Jones has not presented credible evidence that his plea was not given knowingly and voluntarily. The primary evidence on this point is the Court's colloquy with the defendant during the Rule 11 guilty plea hearing on September 18, 2015 ("the Rule 11 Hearing"). Having conducted the colloquy, reviewed the transcript, and listened to the recording, the Court concludes that the colloquy establishes that the plea was made knowingly and voluntarily. Among other points, Jones acknowledged during that colloquy that:

1. Any issues that he had expressed in his letter about his counsel's representation had been addressed.

2. He was fully satisfied with his attorney's representation, advice, and counsel.

3. He was advised of the elements of the offenses and the maximum and minimum penalties, and he understood the charges and those penalties.

4. He was advised of his right to a jury trial and the various rights associated with a trial, and he nevertheless agreed to plead guilty.

5. He had discussed the plea agreement with his attorney, he understood the terms of the plea agreement, and he understood the Court's explanation of the potential sentences under the agreement.

6. He understood that if his sentence proved to be different than any estimate provided by his attorney, he would not be permitted to withdraw his guilty plea.

7. He was not promised anything not contained in the plea agreement to get him to plead guilty.

8. He was not threatened in any way to get him to plead guilty.

9. He agreed with the Government's Statement of Facts, with the exception of one disagreement he identified to the Court, which was then corrected.

This last point, in particular, cuts against Jones. Jones's correction to the Statement of Facts indicates that he had reviewed the plea agreement in detail, that he paid close attention during the Rule 11 Hearing and understood the nature and consequences of the proceeding, and that he was fully willing and able to object or disagree to protect his interests if necessary. Thus, the plea colloquy establishes that Jones's will was not overborne in any way, and that he was acting knowingly and voluntarily when he pleaded guilty.

To counter this strong evidence, Jones testified at the Motion Hearing that he did not have the opportunity to review the Government's discovery prior to pleading guilty. This claim does not provide a basis to find that he did not act knowingly and voluntarily in entering his plea. First, this claim is contradicted by the affidavits of Barron and McKenna, both of whom stated that they reviewed the Government's discovery with Jones. The Court credits these two statements by officers of the court. In particular, the Court accepts McKenna's statement over

Jones's contrary testimony based on its review, at the request of Jones, of the recording of the attorney inquiry hearing relating to McKenna on May 7, 2015 ("the Attorney Hearing"). From the discussion during the Attorney Hearing, the Court concludes that McKenna represented Jones in a thorough and professional manner and zealously advocated for his client to the Government, even though the Government proved unwilling to offer a more favorable plea agreement. Thus, although the issue of discovery was not addressed at the Attorney Hearing, McKenna's evident thoroughness during the hearing bolsters his affidavit statement that he reviewed the discovery materials with Jones. By contrast, the fact that Jones continues to complain about McKenna despite the detailed and credible explanations McKenna provided at the Attorney Hearing undermines Jones's credibility on this point.

Second, Jones has not explained how a review of discovery would have caused him not to plead guilty. Among the discovery are post-*Miranda* warning statements by Jones in which he admitted that he sold drugs, as well as documentation relating to drugs and a firearm seized from his car and home. In *United States v. Bowman*, 348 F.3d 408 (4th Cir. 2003), the Court rejected the argument that withdrawal of a guilty plea was warranted because the defendant, charged with causing the victim's death by supplying drugs, never saw a toxicology report showing that the victim had no heroin or fentanyl in his system, a decision the Court reached in part because the defendant was generally made aware of that discovery and discussed it with his attorney. *Id.* at 414. Here, where all of the discovery was reviewed with predecessor counsel and Jones has not identified any specific piece of evidence that would have changed his mind about pleading guilty, the Court finds that the discovery argument does not provide a basis to overturn the guilty plea.

Jones further claims that when he pleaded guilty, he did so in reliance on an assurance by Whalen that if he pleaded guilty, she would negotiate with the government to permit a sentence below the 10-year mandatory minimum on Count One. The Government has not offered any evidence from Whalen to refute this statement. Jones's claim, however, is directly contradicted by his statement at the Rule 11 Hearing that he had received no "promises or assurances not contained in the plea agreement" that persuaded him to plead guilty. Sept. 18, 2015 Hrg. Tr. at 23, ECF No. 88. When confronted with this statement at the Motion Hearing, Jones backtracked and acknowledged that Whalen's statement did not rise to the level of a promise or assurance. To the extent that Whalen nevertheless may have caused Jones to believe that he might receive a sentence below 10 years if he pleaded guilty, the Court disabused Jones of that notion during the Rule 11 Hearing. The Court specifically advised Jones that there was a mandatory minimum 10-year sentence on Count One. The Court also warned Jones that "the sentence ultimately imposed may be different from any estimate that the prosecutor or your attorney may have given you, and if the sentence turns out to be different than what you expected, you will not be allowed to withdraw your guilty plea." *Id.* at 22. Jones acknowledged that he understood both points.

In *United States v. Lambey*, 974 F.2d 1389 (4th Cir. 1992), where the defendant sought withdrawal of his guilty plea because his attorney erroneously estimated the guideline range, the United States Court of Appeals for the Fourth Circuit affirmed the denial of a motion to withdraw because the district court had advised the defendant at the guilty plea hearing that the sentence could be as high as the maximum penalty and that he should not rely on his attorney's estimate of the possible sentence. *Id.* at 1392-94. "[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be

able to rely on the subsequent dialogue between the court and defendant." *Id.* at 1395. Likewise, to the extent that Jones may have gotten the impression from his attorney that there might be a possibility of a sentence below the 10-year mandatory minimum, the Court corrected any such belief by clarifying that no such sentence was possible, a point that Jones affirmed he understood. Accordingly, the alleged statement by Jones's attorney that she would seek and possibly obtain a lower sentence from the Government after Jones entered his plea does not provide a basis to conclude that Jones did not plead guilty knowingly and voluntarily.

**B.**



## C.

Finally, Jones asserted at the Motion Hearing that he felt "pressured" to accept the plea agreement because the Government had set deadlines for accepting the plea offer and he did not want to go to trial. This broad claim is contradicted by the facts that the Government extended Jones's deadline to accept the plea agreement numerous times over a period of approximately six months, from March to September 2015, and that at the Motion Hearing, Jones specifically denied being threatened in any way to get him to accept the plea agreement or plead guilty. To the extent he felt compelled to plead guilty because he did not want to go to trial, a jury trial is not a coercive device aimed at extracting an involuntary confession; it is a constitutional right that protects a defendant from conviction without due process of law. Considering all of the evidence presented, the Court concludes that Jones's guilty plea was offered knowingly and voluntarily. This factor weighs against withdrawal.

### III.   Innocence

Jones has offered no credible claim that he is actually innocent. In fact, the Government's discovery included evidence that he was arrested with 500 grams of cocaine in his pockets, a gun was found in his home, drugs were found in his car, and he confessed to law enforcement that he had engaged in cocaine dealing for 2 ½ to 3 years. At the Rule 11 Hearing, he admitted that he had cooked cocaine into crack cocaine for distribution, and at the Motion Hearing he admitted that he regularly sold half-kilogram quantities of cocaine. At the Motion Hearing, Jones sought to explain away his admission to law enforcement that he had possessed the firearm by stating that he thought he was acknowledging the presence of a BB gun, but he has not offered any basis to refute his later admission at the Rule 11 Hearing that he possessed the firearm that was found in his residence. In addition, the fact that, at the Rule 11 Hearing,

Jones asked that the Statement of Facts be changed to reflect that he had put drugs in the trunk of his car before the day of sale, as opposed to on the day of sale, shows that Jones did not blindly admit to the charges against him, such that his admission to the remaining facts in the highly incriminating Statement of Facts was entirely reliable and established his guilt. Where there has been no credible assertion of actual innocence, this factor weighs against withdrawal.

### IV. Delay

On this factor, Jones filed his Motion on July 18, 2016, 10 months after he entered his guilty plea on September 18, 2015. The Court recognizes that not all of this time consists of unexplained delay. After the Rule 11 Hearing, Jones retained attorney William Martin in November 2015. After requesting that the sentencing hearing originally scheduled for December 2015 be continued several times, Martin finally reported to the Court in April 2016 that Jones was considering a motion to withdraw the guilty plea. The motion was not filed in April because of disagreements between Martin and Jones on whether to file the motion, and Martin then moved to withdraw. The motion was filed by new counsel in July 2016.

Even if the failure to file the motion between April and July 2016 was the result of disagreements with counsel rather than any affirmative delay by Jones, it still took from September 2015 to April 2016, approximately seven months, for Jones to reach the point of deciding to file a motion to withdraw. In *Moore*, the Fourth Circuit found that when the defendant waited six weeks before giving notice of his intent to move to withdraw his guilty plea, that factor weighed against the defendant. 931 F.2d at 248. Thus, the seven-month delay here counts against Jones. However, because there is some uncertainty over whether Jones would have filed his Motion sooner but for difficulties with counsel, the Court weighs this factor only slightly against him.

## V. Assistance of Counsel

To prevail in withdrawing a guilty plea based on a lack of competent counsel, the defendant must show that (1) his counsel's performance fell below the objective standard of reasonableness; and (2) there was a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Ubakanma*, 215 F.3d 421, 425 (4th Cir. 2000).

At the outset, the Court has strong reason to doubt the validity of Jones's complaints about counsel. At the Motion Hearing, Jones and his sister both complained about the responsiveness and effectiveness of not just Whalen, who represented Jones at the Rule 11 Hearing, but also the three attorneys who preceded her. All of these attorneys are qualified members of the Court's CJA panel and presumptively competent. Further, as discussed above, the Court's review of the Attorney Hearing revealed that McKenna represented Jones in a thorough and professional manner and zealously advocated for his client to the Government. The fact that the Government was unwilling to agree to a more favorable plea agreement was not for lack of effort on his part. The fact that Jones continues to complain about McKenna undermines his credibility on whether he has received adequate legal representation throughout this case. Also notable is the fact that Jones verbally lashed out at his present counsel during his testimony at the Motion Hearing, which supports the inference that the difficulty that Jones has had in working with the four different attorneys may well derive from Jones rather than his counsel.

With regard to Whalen, beyond her alleged statement that she could get Jones a lower sentence, discussed above, Jones has criticized her failure to review discovery with him, her lack of responsiveness, and her failure to review the plea agreement with him. On the issue of

discovery, it is important to note that Barron and McKenna reviewed the discovery materials with Jones, so when Whalen was appointed on July 1, 2015, she was building upon these prior representations. Jones has articulated no facts that would establish that but for the lack of a re-review of the discovery, he would have gone to trial.

As to responsiveness and the alleged failure to review the plea agreement, Jones began to raise concerns about Whalen's responsiveness in the time period leading up to the first guilty plea hearing on August 26, 2015. Around August 5, 2015, Jones and a relative sent a letter to the Court complaining about not having received the plea agreement from Whalen. However, as Whalen stated at the August 26 hearing, she met with Jones on August 10, 2015, when Jones signed the agreement. When Jones appeared for the August 26 hearing, he stated that he was not satisfied with Whalen's representation at that time. Upon inquiry, the Court concluded that the primary concern was that Jones did not believe he had had an opportunity to read the entire plea agreement. Whalen had changed out the first page to reflect that she was now his counsel, but Jones was not certain it was the same document. In fact, it was the same agreement Jones had had for months, going back to his second attorney, McKenna, who had reviewed the agreement with Jones. The Court declined to take Jones's plea that day. Jones then sent another letter to the Court about Whalen on September 9, 2015, complaining that she had not met with him in lockup after the August 26 hearing.

When Jones returned over three weeks later for the rescheduled Rule 11 Hearing, however, he assured the Court that he had addressed the differences he had with Whalen, had read and understood the plea agreement, and wished to plead guilty. Having been present at both the August 26 and September 18, 2015 hearings, the Court perceived the difference. Given that Jones had demonstrated his willingness and ability to voice his concerns about counsel, both

in his letters and at the August 26 hearing, when he assured the Court at the Rule 11 Hearing that his concerns had been addressed and that he was satisfied with his counsel's representation, the Court found those statements particularly credible. Notably, at the Motion Hearing, Jones specifically acknowledged that prior to the Rule 11 Hearing, Whalen had reviewed the entire plea agreement with him. The Court therefore concludes that Jones had the close assistance of competent counsel prior to the Rule 11 Hearing and finds that this factor weighs against Jones.

## VI. Prejudice to the Government

This case was originally indicted in October 2014. Because of Jones's sequence of different attorneys, the plea offer was held open for over six months until Jones pleaded in September 2015. Because of an extended period of time during which Jones and his counsel were considering whether to file the Motion to Withdraw, this case is now over two years old. During those two years, the Government has expended significant resources on the various plea hearings and other proceedings leading up to this point. More importantly, with the passing of those two years, the ability of government witnesses to recall facts is almost certainly diminished. Although not a substantial factor, the prejudice to the government weighs against Jones.

## VII. Inconvenience to the Court and Waste of Judicial Resources

The Court has expended significant time and energy on the plea process up to this point, including rescheduling numerous hearings and having discussions with counsel about the potential motion, so there would be a certain waste of resources if this case were now to proceed to trial. At the same time, given that the defendant has a constitutional right to a jury trial, it is hard to conclude that the impact on the court and its resources should count against Jones. The Court concludes that this factor favors neither side.

## VIII. Balance of Factors

Considering all of the factors, most weigh against granting the Motion, and none weigh in favor of it. The most important factor, whether the plea was made knowingly and voluntarily, weighs in favor of denying the Motion. The Court also notes that even in cases with more robust grounds for withdrawal, the Fourth Circuit has not concluded that withdrawal was warranted. In *United States v. Faris,* 388 F.3d 452 (4th Cir. 2004), the Court upheld the denial of a motion to withdraw a guilty plea where the defendant claimed his plea was involuntary because of threats he would be sent to Guantanamo Bay, assurances that he would be sentenced to only 10 years, and the influence of his history of depression. *Id.* at 457. Here, there is only Jones's uncorroborated claims that he pleaded guilty without reviewing the discovery materials, that he was told that his attorney would work to convince the Government to permit a sentence under 10 years, and that he felt pressure to plead guilty to avoid going to trial. For the reasons discussed above, these claims are not enough to meet Jones's burden to show a fair and just reason to withdraw his plea.

## CONCLUSION

For the foregoing reasons, Jones's Motion to Withdraw Guilty Plea is DENIED. A separate Order shall issue.

Date: January 4, 2017

THEODORE D. CHUANG
United States District Judge