# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| NATHANIEL LEE JONES, | Crim. Action No. TDC-14-0475 |
| Defendant. | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Nathaniel Lee Jones's Motion for Compassionate Release Due to Danger from the Coronavirus. ECF No. 218. On February 10, 2017, the Court sentenced Jones to 168 months of imprisonment on his convictions for conspiracy to distribute and possess with intent to distribute 5 kg or more of cocaine and 280 g or more of cocaine base, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C.§ 922(g)(1). Jones is presently designated to the Federal Correctional Institution-Cumberland ("FCI-Cumberland") in Cumberland, Maryland. Jones has served approximately six years of his 14-year sentence and is presently scheduled to be released on September 2, 2026.

In his Motion, Jones seeks a reduction of his sentence to time served under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to him.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018,

Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The parties agree that Jones has exhausted administrative remedies, so the Court may consider the merits of the Motion.

Jones, who is 38 years old, argues that the COVID-19 pandemic presents "extraordinary and compelling reasons" warranting a sentence reduction to time served. 18 U.S.C. § 3582(c)(1)(A)(i). Although the Government argues that the requirement of extraordinary and compelling reasons is narrowly defined, this Court has found that extraordinary and compelling reasons may exist based on the COVID-19 pandemic, particularly when an inmate has a condition that places the inmate at high risk for death or serious illness from COVID-19, and the inmate is incarcerated within a prison in which there is imminent risk of contracting COVID-19. Although

Jones is correct that the COVID-19 pandemic presents a general risk to all BOP inmates, he has not asserted or provided evidence that he has a medical or other condition that places him at high risk for severe illness from COVID-19.  Moreover, there presently are no active cases of COVID-19 among inmates at FCI-Cumberland. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Sept. 21, 2020).  Although there have been seven cases among inmates and six among staff since the onset of the pandemic, all such individuals have now recovered.  *Id.*  While the Court does not consider the actual presence of COVID-19 within a prison to be a necessary prerequisite for a finding that an inmate with a high-risk medical condition should be released based on extraordinary and compelling reasons, the fact that there are no cases among inmates at FCI-Cumberland reduces the imminence of the risk to Jones. When this fact is combined with Jones's lack of a high-risk medical condition, the Court does not find that there are presently "extraordinary and compelling reasons" warranting a sentence reduction.  18 U.S.C. § 3582(c)(1)(A)(i).

Even if such a finding were made, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a) and consistency with "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

As to the § 3553(a) factors, the nature and circumstances of Jones's crimes of conviction consisted of a drug trafficking conspiracy involving large quantities of cocaine and crack cocaine. In support of this drug trafficking, Jones possessed a firearm.  Thus, even though there is no

3

evidence that he used the firearm to engage in violent acts relating to the drug trafficking, Jones committed very serious crimes.  Jones also had a significant criminal record, including three prior convictions for drug distribution offenses, which qualified him both as an armed career criminal under 18 U.S.C. § 924(e) and as a career offender under U.S.S.G. § 4B1.1.  The original sentence therefore was necessary to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes.  18 U.S.C. § 3553(a).  Where Jones has served only six years of his sentence, and he has not identified new mitigating factors other than the general presence of the COVID-19 pandemic, the Court further finds that the § 3553(a) factors do not warrant a sentence reduction at this time.  The Motion will therefore be denied.  Accordingly, the Court need not address the question whether Jones presently poses a danger to the community if released.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Jones's Motion for Compassionate Release Due to Danger from the Coronavirus, ECF No. 218, is DENIED.


Date:   September 22, 2020                               /s/ *Theodore D. Chuang*
                                                        THEODORE D. CHUANG
                                                        United States District Judge